[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2008
THOMAS K. KAHN
CLERK

No. 08-13003
Non-Argument Calendar
_____

Agency No. A98-589-900

RUBEN ALONSO LEMUS-SANCHEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 26, 2008)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Ruben Alonso Lemus-Sanchez, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals's ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his motion to reopen so that he could apply for an adjustment of status, 8 U.S.C. §§ 1229a(c)(7), 1255, more than one year after he failed to depart the United States pursuant to his voluntary departure agreement.[1] "We review the BIA's denial of a motion to reopen for abuse of discretion." Ali v. U.S. Atty. Gen., 443 F.3d 804, 808 (11th Cir. 2006).

If the Attorney General permits an alien to depart the United States voluntarily, the alien must do so during the prescribed period. See INA § 240B(a), (d), 8 U.S.C. § 1229c(a), (d). If the alien fails to depart the United States within the specified time period, he becomes ineligible to, inter alia, apply for an adjustment of status or change of status for a period of ten years. See id.; INA § 245(i)(1)(A), 8 U.S.C. § 1255(i)(1)(A); see also Dada v. Mukasey, 554 U.S. __, 128 S.Ct. 2307, 2310, 171 L.Ed.2d 178 (2008) (noting that failure to depart within the prescribed voluntary departure period renders the alien ineligible for adjustment of status for a period of ten years).

In this case, Lemus-Sanchez admitted that he remained in the United States after his voluntary departure period expired. Thus, he must wait a period of ten years before seeking an adjustment of status. See INA § 240B(d)(1)(B), 8 U.S.C.

---

[1] We agree with the government that Lemus-Sanchez's brief does not comply with Fed. R. App. P. 28(a)(9)(A). However, we exercise our discretion to consider the brief. See Mendoza v. U.S. Atty. Gen., 327 F.3d 1283, 1286 n.4. (11th Cir. 2003).

§ 1229c(d)(1)(B).  Accordingly, the BIA did not abuse its discretion in dismissing Lemus-Sanchez's appeal from the denial of his motion to reopen for purposes of seeking an adjustment of status, and we deny Lemus-Sanchez's petition for review.

**PETITION DENIED.**